**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Leo Storniolo and<br>Rachel Storniolo (h/w)<br>2542 Collins Street<br>Philadelphia, PA 19125<br><br>Plaintiffs,<br><br>v.<br><br>Rachel Cannon<br>740 Colony Drive<br>Chesapeake, VA 23322<br><br>Donn Cannon<br>740 Colony Drive<br>Chesapeake, VA 23322<br><br>Kathleen Cannon<br>740 Colony Drive<br>Chesapeake, VA 23322<br><br>GEICO Advantage Insurance Company<br>One Geico Boulevard<br>Fredicksburg, VA 22412 | Civil Action<br><br>Case No. 21-03074 |

## COMPLAINT

## PARTIES

1. Plaintiffs, Leo and Rachel Storniolo, are residents of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendants, Rachel Cannon, Kathleen Cannon and Donn Cannon are residents of the State of Virginia, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant GEICO Advantage Insurance Company is a resident of the State of Virginia, having their principal place of business at the address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiffs, Leo and Rachel Storniolo, are citizens of Pennsylvania and the Defendants are citizens of Virginia, and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

6. On or about July 16, 2019, at or about 5:04 P.M., Plaintiff, Leo Storniolo was the operator of a motor vehicle, which was traveling Southbound on Crossways Boulevard in the vicinity of 1434 Crossways Boulevard, Chesapeake, Virginia.

7. At or about the same date and time, Defendant, Rachel Cannon, was the operator of a motor vehicle owned by Defendants Kathleen Cannon and Donn Cannon, which was traveling at or near the location of the Plaintiff's vehicle.

8. At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

10. As a result of the collision, Plaintiff suffered severe and permanent injuries to the right hand/arm and shoulder as more fully set forth below.

**COUNT I**
**Leo Storniolo v. Rachel Cannon**
**Negligence**

11. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forthfully at length herein.

12. The negligence, recklessness and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained bythe Plaintiff, consisted of but are not limited to the following:

a. Pulling out in front of Plaintiff's moving vehicle;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so asto strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous forconditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicleand to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even thoughhe/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances pertaining to the operation and control of motor vehicles; and

u. Being otherwise reckless, careless and/or negligent under the circumstances.

13. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the right hand/arm and shoulder, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of Plaintiff's injuries, he has in the past, is presently and mayin the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including butnot limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by

thePennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Leo Storniolo, prays for judgment in plaintiffs' favor andagainst Defendant, Rachel Cannon, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus punitive damages, plus all costs and other relief this court deems necessary.

**COUNT II**
**Leo Storniolo v. Kathleen and Donn Cannon**
**Negligent Entrustment**

19. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forthfully at length herein.

20. The negligence, recklessness and/or carelessness of the Defendant, Rachel Cannon, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff consisted of, but are not limited to the following:

a. Permitting Defendant, Rachel Cannon, to operate the motor vehicle without first ascertaining whether or not she was capable of properly operating said vehicle;

b. Permitting Defendant Rachel Cannon to operate the motor vehicle when defendants Kathleen and Donn Cannon knew, or in the exercise of due care and diligence, should have known that Defendant, Rachel Cannon, was capable of committing the acts of negligence set forth above.

c. Failing to warn those people, including the plaintiff, that defendant, Rachel Cannon, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to defendant, Rachel Cannon's negligent operation of the motor vehicle; and

d. Otherwise negligently entrusting said vehicle to defendant Rachel Cannon.

21. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurementand/or aggravation of pre-existing conditions and others ills and injuries, including to right hand/arm and shoulder, all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of whichare to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinitetime into the future.

23. As am additional result of the carelessness, negligence and/or recklessness of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a further result of Plaintiff's injuries, he has in the past, is presently and mayin the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by thePennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount in excess of Fifty Thousand ($75,000.00) Dollars, plus punitive damages, all costs and

other relief this court deems necessary.

**COUNT III**
**Leo Storniolo v.GEICO Advantage Insurance Company-Under Insured Motorists Coverage**

26. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forthfully at length herein.

27. The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff consisted of, but are not limited to, the following:

a. Pulling out in front of the Plaintiff's vehicle;

b. Failing to yield the right-of-way;

c. Operating his/her vehicle into Plaintiff's lane of travel;

d. Failing to maintain proper distance between vehicles;

e. Operating said vehicle in a negligent and/or careless mannerwithout regard for the rights or safety of plaintiff or others;

f. Failing to have said vehicle under proper and adequate control;

g. Operating said vehicle at a dangerous and excessive rate of speed underthe circumstances;

h. Violation of the "assured clear distance ahead" rule;

i. Failure to keep a proper lookout;

j. Failure to apply brakes earlier to stop the vehicle without colliding with the Plaintiff's vehicle;

k. Being inattentive to his/her duties as an operator of a motor vehicle;

l. Disregarding traffic lanes, patterns, and other devices;

m. Driving at a high rate of speed which was high and dangerous forconditions;

n. Failing to remain continually alert while operating said vehicle;

o. Failing to perceive the highly apparent danger to others which the actionsand/or inactions posed;

p. Failing to give Plaintiff meaningful warning signs concerning theimpending collision;

q. Failing to exercise ordinary care to avoid a collision;

r. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

t. Continuing to operate the vehicle in a direction towards Plaintiff's vehiclewhen he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u. Failing to operate said vehicle in compliance with the applicable laws and ordinances pertaining to the operation and control of motor vehicles;

28. As a direct and consequential result of the negligent and/or careless conduct ofthe tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries to the right hand/arm and shoulder, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

29. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for anindefinite time into the future.

30. As an additional result of the carelessness and/or negligence of defendants,Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

31. As a further result of the aforesaid injuries, Plaintiff has in the past, is presentlyand may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

32. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in theabove set forth motor vehicle collision and/or other damages and expenses related thereto.

33. At the date and time of the aforementioned motor vehicle collision, Plaintiff, wasthe owner and operator of a motor vehicle was covered by a policy of insurance issued by Defendant, underPolicy Number 4477-62-75-35, which included coverage for underinsured motoristcoverage applicable to Plaintiff.

34. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Leo Storniolo, demands judgment in Plaintiff's favor and against defendant, GEICO Advantage Insurance Co., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT IV**
**Rachel Storniolo v. All Defendants**
**Loss of Consortium**

35. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length herein

36. Plaintiff, Rachel Storniolo, is the wife of Plaintiff Leo Storniolo.

37. As a result of the injuries sustained by husband-Plaintiff, Leo Storniolo, wife-Plaintiff, Rachel Storniolo has been and will continue to be deprived of the love, assistance, companionship, consortium and society of her husband, all to her great

loss and detriment.

WHEREFORE, Plaintiff, Rachel Storniolo, demands judgment in Plaintiff's favor and all defendants, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

THE WRIGHT LAW FIRM, LLC BY:

/s William D. Wright, Esq.

______________________________

William Wright, Esq.
The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, NJ 08050
(p) 609-759-2500
(f) 609-479-2777
wright@njlegaladvice.com
PA Attorney ID 208862

**JURY DEMAND**

Plaintiff demands a jury for all triable issues.

THE WRIGHT LAW FIRM, LLC BY:

/s William D. Wright, Esq.

______________________________

William Wright, Esq.
The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, NJ 08050
(p) 609-759-2500
(f) 609-479-2777
wright@njlegaladvice.com
PA Attorney ID 208862

# VERIFICATION

We are the Plaintiffs this action, and we hereby state and verify that the facts set forth in the foregoing pleading are true and correct to the best of our knowledge, information and belief. We understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:
Leo T. Storrida 7/12/2021
C7FF42BAE7004F3...

DocuSigned by:
021
5D77E817DEA84CF...